No. 66983.—Norman G. Jensen, Inc. *v.* United States, protests 60/19779, etc. (Pembina).

Opinion by DONLON, J. In accordance with stipulation of counsel that the merchandise consists of decharacterized horsemeat, fresh, chilled, or frozen, similar in all material respects to that the subject of Abstract 66254, the claim of the plaintiff was sustained.

No. 66984.—Norman G. Jensen, Inc. *v.* United States, protests 60/25160, etc. (Pembina).

Opinion by DONLON, J. In accordance with stipulation of counsel that the merchandise consists of decharacterized horsemeat, fresh, chilled, or frozen, similar in all material respects to that the subject of Abstract 66254, the claim of the plaintiff was sustained.

BEFORE THE THIRD DIVISION

AUGUST 13, 1962

No. 66985.—Hulse Import Co. et al. and China Liquor Distributing Co. et al. *v.* United States, protests 225123–K, etc., and protests 58/18398, etc., respectively.— Plaintiffs' application for rehearing dismissed, with accompanying memorandum, by order of Judge RICHARDSON and Judge JOHNSON. Judge DONLON specially concurred. The following memoranda accompanied the order:

MEMORANDUM

RICHARDSON, JUDGE: Plaintiffs have made a motion for a rehearing in these consolidated protest proceedings. The decision and judgment to which this motion is addressed were entered herein on May 7, 1962, C.D. 2338. Examination of the file discloses the fact that the moving papers were filed with the clerk of the Customs Court on June 7, 1962. The motion for rehearing is governed by 28 U.S.C.A., section 2640, and rule 6(a) of the Customs Court rules which require, among other things, the filing of the motion papers within 30 days of the entry of judgment. On the facts of record, this statutory period expired herein on June 6, 1962. Therefore, the filing of the motion for rehearing is untimely and preempts determination of its merits, in consequence of which, the motion must be dismissed.

CONCURRING MEMORANDUM

DONLON, Judge: Even if this motion were timely made, and it was not, plaintiffs, having filed appeal Nos. 5116 and 5117 to the Court of Customs and Patent Appeals on July 5, 1962, have, by such act, prevented this court from rehearing. On this additional ground, I concur that the motion should be dismissed.